## IN RE HERBST.*

TRADEMARKS; APPEAL AND ERROR; FORMER ADJUDICATION.

A decision of the Commissioner of Patents, not appealed from, in a trademark interference case, refusing registration to one of the parties on the ground that the mark had already been registered by a stranger to the proceedings, is final, and concludes the parties to the interference; and, therefore, one of such parties has no right thereafter to prosecute his original application before the Examiner of Trademarks. (Following *United States ex rel. Newcomb Motor Co. v. Moore*, 30 App. D. C. 464, and distinguishing *Union Distilling Co. v. Schneider*, 29 App. D. C. 1.)

No. 514. Patent Appeals. Submitted November 16, 1908. Decided December 22, 1908.

*See opinion on petition for rehearing *post*, p. 565.—Reporter.

HEARING on an appeal by one of the parties to a trademark interference proceeding from a decision of the Commissioner of Patents refusing to register a word as a trademark for whisky.

*Affirmed.*

The facts are stated in the opinion.

*Mr. L. S. Bacon* for the appellant.

*Mr. Frederick A. Tennant* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by Solomon C. Herbst, one of the parties to a trademark interference proceeding, from a decision of the Commissioner of Patents refusing to register the words "Old Judge" as a trademark for whisky.

There were three parties to the interference: Herbst, Records & Goldsborough, and the Rothenberg Company, rival claimants for the mark. During the taking of testimony the fact developed that the mark was adopted and used by the firm of Kane, O'Leary, & Company prior to the earliest date of adoption established by either of the contending parties. Thereupon the Examiner of Interferences adjudged that none of the parties to the interference was entitled to registration. From this decision an appeal was prosecuted to the Commissioner, who affirmed the decision of the Examiner of Interferences and denied registration to each party. After the Commissioner's decision had become final, appellant made application to the Examiner of Trademarks that his original application be allowed. The Examiner denied this application on the ground that the decision of the Commissioner in the interference proceeding was final and controlling. An appeal was thereupon taken to the Commissioner, who affirmed the decision of the Examiner. The Commissioner also determined that, independently of the question of *res judicata,* Herbst was not entitled to registration.

Section 7 of the trademark act of February 20, 1905, re-

quires the Commissioner to give notice when an opposition has. been filed, and the grounds therefor. The section also provides for the declaration of an interference in certain cases. The section further provides that in .every case of interferences the Commissioner shall direct the Examiner in charge of interferences *"to determine the question of the right of registration to. such trademark* * * * in such manner and upon such notice to those interested as the Commissioner may by rules prescribe." The section further provides that the Commissioner *"may refuse to register both of two interfering marks,* * * `*`. unless an appeal is taken as hereinafter provided for," etc. [33. Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1012.]

Section 8 gives every applicant for registration, or for the renewal of registration, whose application is refused, or a party to an interference against whom a decision has been rendered, or a party who has filed a notice of opposition to the registration of a trademark, an appeal from the decision of the lower tribunals to the Commissioner in person.

Section 9 provides for appeals to this court.

It affirmatively appears in the present case that the interference proceeding followed the requirements of the statute. The Examiner of Interferences determined that neither party to the interference was entitled to register the mark, and the Commissioner, on appeal, sustained that decision and denied registration to each party. Appellant's remedy, if he was aggrieved by the decision of the Commissioner, was by way of appeal to this court. When the time within which an appeal might have been taken from that decision expired, the decision became final and was *res judicata,* and appellant had no more right to prosecute his original application before the Examiner of Trademarks than he would have had to prosecute his application before the Examiner for the second time after an adverse decision by the Commissioner in an *ex parte* case. *United States ex rel. New-comb Motor Co.* v. *Moore,* 30 App. D. C. 464.

The case of *Union Distilling Co.* v. *Schneider,* 29 App. D. C. 1, is not in conflict with our conclusion in the present case. In

that case the Commissioner merely dissolved the interference on the suggestion of the Examiner that the mark had been registered to a company not a party to the interference. The Commissioner said: "The appellant's remedy would seem to be, not an interference, but a showing in the form of affidavits tending to overcome the presumption that the registrant under the act of 1870 is still the owner of the mark. If such affidavits are filed, a continuance of the present interference will necessarily follow." In other words, the Commissioner did not finally determine the question of the right of the appealing party to registration, but gave him the opportunity to present further proof.

In the present case all the facts were before the Commissioner, and it was within the scope of his authority finally to determine the question here sought to be reviewed, and he exercised that authority. Appellant did not petition the Commissioner for leave to file additional evidence tending to overcome the evidence of prior use by a stranger to the interference, but proceeded to retry his case before the Examiner on the identical record that had already been finally passed upon by the Commissioner.

The decision of the Commissioner was right, and is affirmed. The clerk of the court will certify this opinion and the proceedings in this court to the Commissioner of Patents, as required by law.                    *Affirmed.*